1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

8  | JAY CODILLA, an individual,                              )        Case No.: 2:10-cv-01469-RLH-PAL
9  |                            Plaintiff,                    )                    **O R D E R**
10 |        vs.                                               )        (Motion to Dismiss–#6;
                                                              )        Motion to Dismiss–#12;
11 | CTX MORTGAGE COMPANY, LLC, a                             )        Motion to Dismiss–#18)
     Delaware limited liability company; BANK OF             )
12 | AMERICA CORPORATION, a North Carolina                    )
     corporation; COMMERCE TITLE COMPANY                      )
13 | OF AMERICA, LLC, a Delaware limited                      )
     liability company; AURORA LOAN                           )
14 | SERVICES, LLC, a Delaware limited liability              )
     company; TIMOTHY M. BARTOSH, an                          )
15 | individual; PRLAP, INC., a North Carolina                )
     corporation; KELLER WILLIAMS REALTY,                     )
16 | INC., a Texas corporation; MERSCORP INC.                 )
     d/b/a MORTGAGE ELECTRONIC                                )
17 | REGISTRATION SYSTEMS, INC., a Virginia                   )
     corporation; DOES I-X; and ROE                           )
18 | COMPANIES I-X, inclusive,                                )
                                                              )
19 |                            Defendants.                   )
     _____                  )
20

21          Before the Court is Defendants CTX Mortgage Company, Timothy M. Bartosh, and

22 PGP Title, Inc.'s (formerly known as Commerce Land Title, Inc., and improperly referred to as

23 Commerce Title Company of America, LLC) (collectively, the "CTX Defendants") **Motion to**

24 **Dismiss** (#6), filed September 22, 2010.  The Court has also considered Plaintiff Jay Codilla's

25 Opposition (#19), filed October 8, 2010, and the CTX Defendants' Reply (#24), filed October 18,

26 2010.

AO 72
(Rev. 8/82)

1   Also before the Court is Defendants Bank of America, N.A. (improperly referred to

2   as Bank of America Corporation) and PRLAP, Inc.'s (collectively, the "BOA Defendants")

3   **Motion to Dismiss** (#12), filed September 30, 2010.  The Court has also considered Codilla's

4   Opposition (#23), filed October 18, 2010, and the BOA Defendants' Reply (#26), filed October 28,

5   2010.

6   Finally before the Court is Defendants Aurora Loan Services, LLC, and Merscorp,

7   Inc.'s ("MERS") (collectively, the "Aurora Defendants") **Motion to Dismiss** (#18), filed October

8   7, 2010.  The Court has also considered Codilla's Opposition (#25), and the Aurora Defendants'

9   Reply (#27), filed November 4, 2010.

**BACKGROUND**

10

11   On November 22, 2006, Plaintiff Jay Codilla purchased a single family home in

12   North Las Vegas, Nevada (the "Property").  Codilla financed the purchase with a $252,000.00 loan

13   from CTX (the "First Mortgage").  The CTX loan was secured by a deed of trust on the Property.

14   On December 8, 2006, Codilla obtained a home equity line of credit (the "HELOC") through Bank

15   of America, which was also secured by a deed of trust on the Property.  In February 2007, CTX

16   transferred the First Mortgage to Aurora.  Sometime thereafter Codilla defaulted on the First

17   Mortgage.  Accordingly, Aurora foreclosed on the First Mortgage and eventually purchased the

18   Property at a trustee's sale on May 12, 2010.  Two days later Codilla received an eviction notice

19   from Keller Williams.

20   Codilla filed this lawsuit on August 30, 2010, asserting the following claims: (1)

21   declaratory relief; (2) injunctive relief; (3) breach of the implied covenant of good faith and fair

22   dealing, contractual breach; (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601,

23   *et seq*.; (5) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601

24   *et seq*.; (6) recission; (7) fraud; (8) Unfair and Deceptive Acts and Practices ("UDAP"); (9) lack of

25   standing; (10) breach of fiduciary duty; (11) unconscionability–UCC § 2-302; (12) predatory

26   lending; and (13) quiet title.  Each claim is against all of the Defendants, except the lack of

AO 72
(Rev. 8/82)

1  standing claim, which is only against MERS.  All Defendants except Keller Williams subsequently

2  filed a motion to dismiss.  To date no proof of service has been filed as to Keller Williams.  For

3  the reasons discussed below, the Court grants Defendants' motions.

**DISCUSSION**

4

5  **I.      Legal Standard**

6          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

7  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

8  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

9  8(a)(2).  While Rule 8 does not require detailed factual allegations, it demands "more than labels

10  and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v.*

11  *Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Factual allegations must be enough to rise above the

12  speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint

13  must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*,

14  129 S. Ct. at 1949 (internal citation omitted).

15          In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts

16  are to apply when considering motions to dismiss.  First, a district court must accept as true all

17  well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

18  assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only

19  by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider

20  whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A

21  claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

22  a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.  Where

23  the complaint does not permit the court to infer more than the mere possibility of misconduct, the

24  complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id*. (internal

25  quotation marks omitted).  When the claims in a complaint have not crossed the line from

26  conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

AO 72
(Rev. 8/82)

3

## II.     Analysis

Codilla has agreed to voluntarily dismiss his claims for declaratory relief, injunctive relief, and quiet title.  Therefore, the Court need not address those claims.  Also, unless otherwise stated, the following analysis applies to all Defendants.

### A.     Breach of the Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."  *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  To state a valid claim for contractual breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were thus denied.  *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Codilla's complaint alleges that he and Defendants were parties to a contract for the First Mortgage and the HELOC, and that Defendants violated the spirit and purpose of those contracts by willfully withholding numerous disclosures regarding those contracts.  However, these allegations only deal with alleged conduct before these contracts were entered into.  And this Court has previously held that a "party cannot breach the covenant of good faith and fair dealing before a contract is formed."  *Urbina v. Homeview Lending, Inc.*, 681 F.Supp.2d 1254, 1260 (D. Nev. 2009) (citing *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct")).  Thus, to the extent Codilla's claim revolves around alleged conduct that occurred before the contract was entered into, it fails as a matter of law.

Codilla further alleges that while he was attempting to modify the First Mortgage Aurora and MERS proceeded to foreclose on the Property.  However, neither Aurora nor MERS

AO 72
(Rev. 8/82)

1    were contractually obligated to provide Codilla with a loan modification.  Therefore, Codilla has

2    failed to state a valid claim because he does not allege that Aurora and MERS violated the terms of

3    the First Mortgage.  Accordingly, the Court dismisses Codilla's claim for breach of the covenant

4    of good faith and fair dealing.

5            **B.    TILA**

6            In general, TILA requires creditors to disclose certain information about the terms

7    of a loan to the prospective borrower.  *See e.g.*, 15 U.S.C. §§ 1631–32, 1638; 12 C.F.R. § 226.17.

8    Damages claims under TILA must be brought within one year from the date of the occurrence of

9    the violation.  15 U.S.C. § 1640(e).  However, equitable tolling may apply if the plaintiff can show

10   fraudulent concealment on the part of the defendant.  *King v. California*, 784 F.2d 910, 915 (9th

11   Cir. 1986).  Rescission claims, on the other hand, must be brought within three years from the date

12   of the consummation of the transaction or upon the sale of the property, whichever occurs first.

13   15 U.S.C. § 1635(f).  However, the Supreme Court has held that, unlike a claim for damages, a

14   rescission claim cannot be tolled.  *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417 (1998).

15           Codilla seeks both damages and rescission under TILA.  Codilla alleges that

16   Defendants violated TILA by failing to provide him with accurate material disclosures, among

17   other things, as TILA requires.  However, both of Codilla's loans closed in 2006 and this suit was

18   commenced in August 2010—almost four years later.  Therefore, the limitations period has run for

19   both damages and rescission under TILA.  Furthermore, the Court finds that equitable tolling is not

20   appropriate for the damages claim because Codilla has not shown fraudulent concealment on the

21   part of the Defendants.  Therefore, because the limitations period has expired, Codilla's TILA

22   claims fail as a matter of law and are dismissed.

23           **C.    RESPA**

24           In general, RESPA requires that borrowers receive disclosures regarding the costs

25   associated with real estate closings and prohibits certain practices in the real estate business such

26   as undisclosed kickbacks.  15 U.S.C. §§ 2601–2617.  However, any RESPA action must be

AO 72
(Rev. 8/82)

brought within either one or three years from the date of the occurrence of the violation depending on the alleged violation. *Id.* at § 2614. Thus, because Codilla's loans closed in 2006 and this suit was commenced almost four years later in August 2010, Codilla's RESPA claim fails as a matter of law. The Court refuses to apply the doctrine of equitable tolling for the same reason stated in its TILA analysis. Therefore, the Court dismisses Codilla's RESPA claim.

### D.   Fraud

In order to state a claim for fraud in Nevada, a plaintiff must allege that (1) the defendant made a false representation; (2) the defendant knew or believed the representation to be false; (3) the defendant intended to induce plaintiff to rely on the misrepresentation; and (4) the plaintiff suffered damages as a result of his reliance. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). Rule 9(b) of the Federal Rules of Civil Procedure further requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud."

Codilla's fraud claim fails under Rule 9(b). Codilla merely alleges that Defendants "engaged in conduct" calculated to deceive him. However, he doesn't specify what this conduct was other than to say that Defendants unlawfully suppressed facts and made no effort to determine if Codilla had the ability to repay the loan. Codilla makes no specific allegation of any false representations by Defendants. Therefore, the Court dismisses Codilla's fraud claim for lack of specificity.

### E.   Unfair and Deceptive Practices Act

Codilla's eighth cause of action is premised on the alleged violation of the "Federal Unlawful and Deceptive Acts and Practices statutes," although he doesn't cite any particular federal statute. (Dkt. #1, Compl. 19:27–28, 20:1–2.) However, in this motion Codilla now claims that this cause of action is premised on the alleged violation of NRS §§ 598 and 598A. The Court finds this to be a disingenuous attempt to amend a complaint outside of the proper procedural process. Thus, because a "motion to dismiss 'addresses the present state of the pleadings, not what

AO 72
(Rev. 8/82)

1    an amended complaint might state,'" the Court dismisses this claim.  *Lingad v. IndyMac Fed.*

2    *Bank*, 682 F. Supp. 2d 1142, 1151 (E. D. Cal. 2010).

3          **F.    Lack of Standing**

4                Codilla's ninth cause of action alleges that MERS does not have standing to

5    foreclose because it lacks a beneficial interest in the First Mortgage.  However, this Court has

6    previously held that "so long as the note is in default and the foreclosing trustee is either the

7    original trustee or has been substituted by the holder of the note or the holder's nominee, there is

8    simply no defect in foreclosures, at least in states such as Nevada where a trustee may foreclose

9    non-judicially."  *Weingartner v. Chase Home Fin., LLC*, 702 F.Supp.2d 1276, 1280 (D. Nev.

10   2010).  Thus, because Codilla has defaulted on the loan, and because MERS is the designated

11   nominee on the deed of trust (Dkt. #6, Mot. to Dismiss Ex. A, Deed), Codilla's claim for lack of

12   standing fails as a matter of law.  Therefore, the Court dismisses this claim.

13         **G.    Breach of Fiduciary Duty**

14               To state a valid claim for breach of fiduciary duty, a plaintiff must show: (1) the

15   defendant owed a fiduciary duty to the plaintiff; (2) the defendant breached that fiduciary duty; and

16   (3) the plaintiff sustained damages.  *Mosier v. S. Cal. Physicians Ins. Exch.*, 74 Cal. Rptr. 2d 550,

17   565 (Cal. Ct. App. 1998).  "A fiduciary relationship exists between two persons when one of them

18   is under a duty to act for the benefit of another upon matters within the scope of the relation."

19   *Stalk v. Mushkin,* 199 P.3d 838, 843 (Nev. 2009).  However, courts have repeatedly held that a

20   lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a

21   special relationship exists between the two parties.  *See Yerington Ford, Inc. v. Gen. Motors*

22   *Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) (stating "the Court is satisfied that

23   the Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not

24   fiduciary in nature, absent exceptional circumstances"), *aff'd in relevant part by Giles v. Gen.*

25   *Motors Acceptance Corp.*, 494 F.3d 865 (9th Cir. 2007).  In this case, Codilla has only alleged the

26   /

AO 72
(Rev. 8/82)

existence of a lender–borrower relationship with Defendants, which is insufficient to establish a fiduciary relationship.  Therefore, Codilla's claim fails as a matter of law.

### H.   Unconscionability

Unconscionability is an affirmative defense that allows a court to refuse to enforce a provision or an entire contract to avoid unfair terms, it is not a cause of action.  *Premiere Digital Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1161, 1168 (D. Nev. 2005).  Furthermore, this claim relies on UCC § 2-302 (codified in Nevada as NRS § 104.2302), which only applies to the sale of goods.  *See* NRS 104.2107, 104.2105.  Therefore, the Court dismisses this claim.

### I.   Predatory Lending

Codilla's twelfth cause of action is a predatory lending claim against all Defendants.  However, this claim is based entirely upon broad generalizations and conclusory legal statements.  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 129 S. Ct. at 1949.  Therefore, the Court dismisses this claim.

## III.   Keller Williams

On January 26, 2011, this Court issued a notice of intent to dismiss Keller Williams pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Rule 4(m) requires service of process to be served upon a defendant within 120 days after the filing of the complaint.  Codilla filed his complaint on August 30, 2010, and to date, no proof of service has been filed as to Keller Williams.  Therefore, the Court dismisses Keller Williams from this case.

/

/

/

/

/

/

/

AO 72
(Rev. 8/82)

1

**CONCLUSION**

2              Accordingly, and for good cause appearing,

3              IT IS HEREBY ORDERED that the CTX Defendants' Motion to Dismiss (#6) is

4    GRANTED.

5              IT IS FURTHER ORDERED that the BOA Defendants' Motion to Dismiss (#12) is

6    GRANTED.

7              IT IS FURTHER ORDERED that the Aurora Defendants' Motion to Dismiss (#18)

8    is GRANTED.

9              The Court orders the Clerk of Court to close the case.

10             Dated: February 17, 2010

11                                                    _____

12                                                    **ROGER L. HUNT**
                                                     **Chief United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)